IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE PRICE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. SAG-23-2658 |
| S. CARTER, *Warden,* | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Tyrone Price, a federal inmate currently confined at Federal Correctional Institution-Cumberland, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking recalculation of his custody classification level. ECF No. 1 at 9. Warden Carter ("Respondent") filed a motion to dismiss the petition, or in the alternative for summary judgment. ECF No. 12. Petitioner has opposed the motion. ECF No. 15.[1] Respondent replied. ECF No. 16. Having reviewed the petition, motion, and related filings, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6. For the reasons set forth below, the Court will grant Respondent's motion to dismiss, or in the alternative for summary judgment and dismiss the petition for writ of habeas corpus.

---

[1] In his opposition response, Price, for the first time, asserts that credits under the First Step Act ("FSA") have not been properly applied to his sentence. The Court declines to consider these arguments because motion briefs cannot supplement the allegations of a petition. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd,* 141 F.3d 1162 (4th Cir. 1998).

Additionally, Price also filed a "Declaration" (ECF No. 14) wherein he alleges that a box of material he was mailing home was improperly confiscated by prison staff who accused him of being a jail house lawyer. If Price believes his constitutional rights were violated during that interaction, he is free to file a civil rights complaint naming the parties involved in that incident and setting forth the details regarding that interaction. Those claims will not be considered in the context of this case.

## BACKGROUND

Price is serving an aggregated one-hundred-and-forty-month term of confinement followed by a three-year term of supervision. ECF No. 12-2, ¶ 5. His current projected release date, via Good Conduct Time Release, is August 8, 2025. *Id.*; ECF No. 12-2 at 6. Price's custody classification was most recently reviewed on October 2, 2023, and he was scored as an "IN" custody inmate at a medium security facility. ECF No. 12-2, ¶¶ 6, 7; ECF No. 12-2 at 14.

Price contends that he is entitled to a rescoring of his custody classification because, under Michigan law, one of his prior convictions has been expunged. ECF No. 1. In support of the instant motion to dismiss, Respondent argues that Price failed to exhaust his administrative remedies as required; that his claim is not cognizable because it does not affect the fact or duration of his current custody; and that if the Court were to construe the pleadings as a civil rights Complaint, Price does not have a liberty interest in the recalculation of his custody classification level. ECF No. 12-1.

A review of Price's administrative complaints demonstrates that he has filed 97 administrative remedies during his incarceration. ECF No. 12-2, ¶ 9. None of his administrative complaints, however, concern his custody classification. *Id.*; ECF No. 12-2, at 16- 34.

Price filed administrative remedy 1111836-F1[2] on March 1, 2022, requesting FSA credits. ECF No. 12-2 at 20. He filed administrative remedy 1115250-F1 on March 30, 2022, also seeking earned good time credits through FSA. *Id*. He did not appeal the denial of either of these remedies. *Id*.

Price filed administrative remedy 1165618 on June 20, 2023, again raising issues concerning his entitlement to FSA credits. ECF No. 12-2 at 22. He appealed the denial of the

---

[2] The "F1" appended to the remedy number indicates that the complaint was filed at the institutional level (the F) and that it was the first complaint regarding that issue (the 1). See ECF No. 12-2, ¶ 8.

grievance to the Regional Office on July 13, 2023. *Id* at pp. 22, 24-31. This remedy, however, did not assert claims that his custody classification level should be recalculated: rather, he claimed that his offense was eligible for FSA earned time credits. *Id*. at 24-31.

In his opposition response, Price baldly asserts that he exhausted his administrative remedies. ECF No. 15 at 6. In support of his assertion, he references a "BP 11 Central Office Response" (*id.*) however, Price did not attach any documents to his response, nor did he provide any specific information regarding his efforts to exhaust administrative remedies. *See generally* ECF No. 15.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with statutory provisions or [the Rules Governing Section 2254 Cases], may be applied" to habeas corpus proceedings. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 12, *Rules on Motion Attacking Sentence Under Section § 2255*; Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.* (§ 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## DISCUSSION

It is well-established that a petitioner seeking judicial review of agency actions must first have exhausted available remedies within the agency prior to filing suit. *See McKart v. United States*, 395 U.S. 185, 193-95 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence," that is, "to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Petitioners seeking relief under § 2241 are subject to this exhaustion requirement. *See Braden v. 30 Judicial Cir. Ct.*, 410 U.S. 484, 489-92 (1973); *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (Petitioner must exhaust administrative remedies prior to filing § 2241 petition seeking restoration of good conduct credits);

4

*Asare v. United States Parole Commission*, 2 F.3d 540, 544 (4th Cir. 1993) (challenging BOP projected release date requires exhaustion). "Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus." *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010). "Exhaustion of administrative remedies may not be required where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Id.* (citing *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir.1988).

The Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate still is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *See* 28 C.F.R. § 542.15(a).

Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Exhaustion is "normally desirable" in order to allow for the development of a factual record and to permit the agency an opportunity to exercise its discretion or apply its expertise, *McKart v. United States*,

395 U.S. 185, 193–94 (1969), as well as to allow the agency to correct its mistakes, which conserves judicial resources at the same time, *McCarthy*, 503 U.S. at 145–46.

Here the record evidence demonstrates that Price failed to initiate, much less complete, the administrative process as to his claim that he is entitled to a revised custody classification. As such, the BOP has not been provided any opportunity under the administrative remedy process to review its decision regarding Price's custody classification. Nor has the BOP been given any opportunity to correct potential mistakes. Additionally, the full weight of the BOP's expertise has not been applied, as each of the four steps of the administrative remedy process submits an inmate's claim to an increasing level of authority within the BOP, culminating with review by the General Counsel. 28 C.F.R. §§ 542.10–542.19. As Price failed to exhaust his claim that he is entitled to review of his custody classification, Respondent's motion must be granted, and the petition dismissed. Because the petition is dismissed on exhaustion grounds, the Court does not decide Respondent's remaining arguments.

## CONCLUSION

For the reasons set forth above, the Court will GRANT Respondent's motion to dismiss, or in the alternative for summary judgment, ECF No. 12. The petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies. A separate order follows.

<u>May 7, 2024</u>              /s/
Date                   Stephanie A. Gallagher
                       United States District Judge